UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>MODERNA TX.COM/PATENTS, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:21-cv-00369-RCJ-CLB<br><br>ORDER DISMISSING AND CLOSING CASE AND DENYING MOTIONS<br><br>(ECF Nos. 4, 6, 8, 10, 11) |

　　　　Plaintiff Roberto Durand brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). On September 23, 2021, this Court denied Durand's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) because it was incomplete. (ECF No. 3). The Court carefully noted on the first page of its order that Durand's original IFP application was deficient because "Plaintiff has not submitted an inmate account statement for the previous six-month period with his application." (ECF No. 3 at 1.) The Court twice identified within the body of its order all three documents that Durand was required to submit to apply for pauper status. (*Id.* at 1–3).The Court granted Durand until November 22, 2021, to file a new fully complete IFP application or pay the full $402 filing fee. (*Id.* at 2). The Court instructed the Clerk of the Court to provide Durand with the Court's form "Application to Proceed *In Forma Pauperis for Inmate*" and instructions for the same. And the Court warned Durand that this action could be dismissed if he failed to timely file a new fully complete IFP application or pay the full filing fee. (*Id.* at 3).

　　　　Durand responded by filing five IFP applications that are all incomplete because none contains an inmate account statement for the previous six-month period. (ECF Nos. 4, 6, 8, 10, 11). Durand's more recent IFP applications tend to show that he is not eligible for IFP status. (*See* ECF Nos. 10 at 4, 11 at 4). Durand also filed a notice of appeal, which the Ninth Circuit recently dismissed for lack of jurisdiction. (ECF Nos. 12, 16). And Durand recently filed a second notice of appeal. (ECF No. 17).

I.     **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Durand's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally

dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot function without collecting reasonable fees and this action cannot realistically proceed until and unless Durand either files a fully complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no indication that Durand did not receive the Court's order or needs additional time to obtain a six-month account statement. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Durand's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's September 23, 2021, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Durand wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the applications to proceed *in forma pauperis* (ECF Nos. 4, 6, 8, 10, 11) are denied as incomplete and moot.

DATED THIS __3rd__ day of _____ 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE